UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| MICHAEL DOWNING, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-631 |
| ) | |
| v. ) | Honorable Gordon J. Quist |
| ) | |
| JOHN ROBITSCHUN et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

    I.        Factual Allegations

Plaintiff Michael Downing is presently incarcerated in Carson City Correctional Facility. Plaintiff pled guilty in Muskegon County Circuit Court to one count of third-degree home invasion and one count of breaking and entering an occupied building with the intent to commit a felony. He was sentenced on August 26, 2002, to prison terms of nine months to five years for third-degree home invasion and three to fifteen years for breaking and entering. Plaintiff's complaint concerns the denial of his parole by Defendants John Rubitschun and Margie McNutt, members of the Michigan Parole Board.

On January 11, 2005, Defendant McNutt interviewed Plaintiff for parole. At the interview, Plaintiff accepted full responsibility for his actions and expressed contrition for the victim. Plaintiff received his third consecutive Parole Board Notice of Decision denying his parole on January 14, 2005. On the Parole Board Notice of Decision, the parole board provided the following reasons in support of its decision:

    **Crime & Criminal Behavior**
        **The property crime**:
        Involved breaking and entering occupied dwelling
        Involved person(s) being present in home/business

        **The prisoner has a criminal history**:
        Of traffic related misdemeanors
        Of past sexual crime(s)
        Of violent misdemeanors
        Includes drug/alcohol related crimes

    **Correctional Adjustment**
        **The behavior reflected in the misconducts**:

>This is a disciplinary time case
>Shows that prisoner has received misconduct(s) since coming to MDOC or since last PBI.
>
>**The prisoner's prior post conviction corrections history includes**:
>Continued substance abuse under parole/probation supervision
>Commission of crime while under supervision
>New criminal behavior on parole/probation
>A history of probation failure
>
>**Personal History**
>**The prisoner has a history of substance abuse which:**
>Is of long standing duration
>Is of a polysubstance nature
>
>**The prisoner's social history indicates**:
>Unstable social or family history

(Compl., Ex. B, 1-2). Plaintiff's next parole consideration date is May 24, 2006.

Plaintiff argues that the MDOC wrongly denied his parole on January 14, 2005, in part, due to Plaintiff's receipt of a Major Misconduct. Plaintiff received a Michigan Department of Corrections (MDOC) Major Misconduct Report on October 18, 2004, for disobeying a direct order when he refused to travel to a medical appointment for physical therapy on his lower back pain. (*See* Compl., Ex. E, 7). He alleges that the car ride to the medical facility is extremely painful because it aggravates his lower back injury. As an aside, Plaintiff argues that the hearing for the Major Misconduct Report violated his due process rights when the hearing officer failed to call Plaintiff's witnesses or obtain written statements from the witnesses, and failed to confirm with health care that the ride would not cause Plaintiff serious harm. Plaintiff argues that his disobedience was justified and therefore, the Major Misconduct is void.

In his complaint, Plaintiff also compares the similarities of the post conviction history of Jesse Jeffrey McIntosh (#208353), a prisoner who received parole, to his post conviction history.

He notes that the parole board granted Prisoner McIntosh parole even though he received four Major Misconduct Reports, which were not reflected on Prisoner McIntosh's Parole Board Notice of Decision dated November 30, 2004.  (*See* Compl., Ex. B, 7).

Besides the Major Misconduct Report, Plaintiff alleges that erroneous details of his property crime contributed to his parole denial.  In further support of his claims, Plaintiff states that he was not allowed to present any documentation regarding his plans for parole, letters in support of Plaintiff's parole, or any written evidence showing that he tried to avoid the Major Misconduct because Defendant McNutt interviewed Plaintiff via video link.  Plaintiff also argues that Phyllis Lewis[1], who prescreened Plaintiff for parole, denied Plaintiff's parole prior to the hearing.  Finally, Plaintiff argues that he has completed most of the corrective actions proposed by the parole board on the January 14, 2005, Parole Board Notice of Decision.

Plaintiff requests declaratory relief to enjoin Defendants from violating his rights under the United States Constitution.  Although Plaintiff does not articulate the constitutional basis for his claims, the only constitutional provisions arguably implicated by the facts alleged are the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendments.  Plaintiff also requests injunctive relief prohibiting Defendants from violating MICH. COMP. LAWS §§ 800.35 and 24.232 during Plaintiff's parole interview, a parole re-hearing, an order for the parole board to schedule the re-hearing on a date other than Plaintiff's next parole review, and a declaratory

---

[1] In his complaint, Plaintiff does not list Ms. Lewis as a Defendant.

judgment stating that Terri Halfman, the prison law librarian, shall stop violating Plaintiff's due process rights.[2]

## II. Failure to state a claim[3]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[2] In his complaint, Plaintiff does not make any factual allegations against Ms. Halfman. Also, Ms. Halfman is not listed as a Defendant.

[3] A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 493 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). However, in *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1247 (2005), the Supreme Court clarified that §1983 remains available to state prisoner for procedural challenges where success in the action would not necessarily spell immediate or speedier release for the prisoner. Plaintiff does not directly seek release from prison; rather, he requests, among other relief, a new hearing and declaratory and injunctive relief preventing Defendants from violating his rights in future parole proceedings. As a consequence, under *Wilkinson*, success in this action would not necessarily demonstrate the invalidity of Plaintiff's continued confinement, so his action does not appear to be *Heck*-barred. Assuming that Plaintiff's action is cognizable under § 1983, it fails to state a claim as set forth herein.

A.      **Parole - Due Process Clause**

Plaintiff claims that he was deprived of due process when Defendants denied Plaintiff's parole based on (i) a Major Misconduct Report, (ii) erroneous facts regarding the property crime, and (iii) the Parole Board's failure to review all of Plaintiff's documentation, such as letters in support of parole. Plaintiff fails to raise a claim of constitutional magnitude. Plaintiff has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so, and thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

The Sixth Circuit, noting "the broad powers of the Michigan procedural authorities to deny parole," has held that the Michigan system does not create a liberty interest in parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's Parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, No. 03-1804, 2004 WL 614581 (6th Cir. March 24, 2004); *Martin v. Ohio Adult Parole Auth.*, No. 03-3642, 2003 WL 22976604, at *1 (6th Cir. Dec. 8, 2003); *Bullock v. McGinnis*, No. 00-1591, 2001 WL 180978, at *2 (6th Cir. Feb. 14, 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL

1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Michigan Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999). Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Michigan Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Michigan Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). Finally, the Michigan Supreme Court has recognized that there is no liberty interest in parole under the Michigan system. *Glover v. Michigan Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999). Accordingly, Plaintiff has no liberty interest at stake. Because Plaintiff has no liberty interest at stake, he fails to state a claim for a violation of his procedural due process rights. *See Sweeton*, 27 F.3d at 1164-65.

        B.      **Parole - Equal Protection Clause**

Plaintiff also argues that Defendants violated his equal protection rights because the parole board arbitrarily denied him release on parole but granted parole to Prisoner McIntosh, who had a more serious institutional record. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). For

an equal protection claim, "a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of his membership in a protected class." *Carnes v. Engler et al.,* No. 03-1212, 2003 WL 22177118, (6th Cir. Sept. 19, 2003)(citing *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990)). Prisoners are not considered members of a protected class. *Jackson v. Jamrog,* 411 F.3d 615, 619 (6th Cir. 2005). Moreover, there is no fundamental right to parole under the federal constitution. *Bd. of Pardons*, 482 U.S. at 373. Since Plaintiff failed to allege any facts indicating that Defendants intentionally discriminated against him on the basis of his membership in a protected class, he fails to state an equal protection claim. It has long been established that a § 1983 claim that is not supported by factual allegations may be dismissed as being merely conclusory. *See Lillard v. Shelby County Bd. of Educ.*, 76 F .3d 716, 726 (6th Cir. 1996); *Preston v. Hughs*, No. 97-6507, 1999 WL 107970 (6th Cir. Feb. 10, 1999). The pleadings must set forth some factual basis for the claim. *See id.* Therefore, Plaintiff's equal protection claim will be dismissed.

C. **Parole - State Law**

Plaintiff asserts that MICH. COMP. LAWS §§ 800.35 and 24.232 were violated during his parole interview. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Accordingly, a state's failure to comply with its own law, rule or regulation does not by itself state a claim under § 1983. *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985). To the extent that Plaintiff's complaint presents allegations under state law, the Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion General Hosp.*, 994 F.2d 1178, 1182

(6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-2 (6th Cir. June 18, 1998). Therefore, Plaintiff's state law claims will be dismissed without prejudice.

### D. **Major Misconduct**

Plaintiff claims that he was wrongly convicted of disobeying a direct order, which resulted in a Major Misconduct conviction, for refusing to travel to a medical appointment. The Supreme Court has held that a claim for declaratory relief and monetary damages that necessarily implies the invalidity of the punishment imposed is not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). In reaching this holding, the Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges), *cert. denied*, 122 S. Ct. 1795 (2002). *See also Muhammad v. Close*, 540 U.S. 749

(2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). That is, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the major misconduct conviction. Under Michigan law, a prisoner loses good-time credits for the month of his Major Misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits. *Id.* Plaintiff does not assert that he did not forfeit good-time credits for the month of his Major Misconduct conviction. Accordingly, Plaintiff's claim remains noncognizable under § 1983 because a ruling on the claim would, if established, necessarily imply the invalidity of his disciplinary conviction. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

Under Michigan law, a prisoner may seek a rehearing of a decision made by the Hearings Division within thirty calendar days after a copy of the Major Misconduct Report is received. MICH. COMP. LAWS § 791.254; Policy Directive 03.03.105, ¶ DDD. Upon denial of his motion for rehearing, a prisoner may file an application for leave to appeal in the state circuit court. *See* MICH. COMP. LAWS § 791.255(2); Policy Directive 03.03.105, ¶ GGG (concerning appeal). If he is not successful, he may then seek to overturn the conviction by bringing a federal habeas corpus action.[4] Accordingly, because Plaintiff has not shown that his Major Misconduct conviction has

---

[4] A misconduct conviction results in the loss of good-time credits, which is equivalent to a loss of a "shortened prison sentence." *See Wolff v. McDonnell*, 418 U.S. 539, 556-57 (1974). A challenge to a "shortened prison sentence" is a challenge to the fact or duration of confinement that is properly brought as an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). However, a prisoner must exhaust available state remedies before bringing a habeas corpus action, which would include appealing the conviction through the state courts. *See* 28 U.S.C. § 2254(b)(1).

been invalidated, his claim is not presently cognizable. He therefore fails to state a claim on which relief can be granted. *See Morris v. Cason*, No. 02-2460, 2004 WL 1326066 (6th Cir. June 10, 2004) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Murray v. Evert*, No. 03-1411, 2003 WL 22976618 (6th Cir. Dec. 8, 2003) (same); *Harris v. Truesdell*, No. 03-1440, 2003 WL 22435646 (6th Cir. Oct. 23, 2003) (*Heck*-barred claim fails to state a claim and is frivolous).

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: November 30, 2005                     /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE